WEST 95 HOUSING CORP., West Side 95 Manor Associates and Mid State Management Corporation, Plaintiffs–Appellants,

v.

NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, New York City Housing Development Corporation, The City of New York, State of New York Division of Housing and Community Renewal, State of New York and Joseph B. Lynch, as Commissioner of the New York State Division of Housing and Community Renewal, Defendants–Appellees.

Docket No. 01–7866.

United States Court of Appeals, Second Circuit.

March 5, 2002.

Joseph L. Forstadt, Stroock & Stroock & Lavan LLP, (Charles G. Moerdler, Deb-orah L. Goldstein, Jacob E. Miota, of counsel), New York, NY, for Appellant.

Carol Fischer, Assistant Solicitor General, (Eliot Spitzer, Attorney General of the State of New York, Mark Gimbel, Deputy Solicitor General, of counsel), New York, NY, for Appellee.

Present SACK, B.D. PARKER, GIBSON,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, affirmed.

The district court dismissed the plaintiffs' § 1983 claims for failure to state a claim upon which relief can be granted. The plaintiffs now appeal with respect to their claims under the Contracts, Takings, and Equal Protection Clauses of the United States Constitution against the New York City defendants and Joseph P. Lynch. The plaintiffs assert that the imposition of New York's Rent Stabilization Law ("RSL") on Mitchell–Lama properties built before 1974 is unconstitutional.

With regard to the plaintiffs' Contracts Clause claim, we conclude that the plaintiff has failed to demonstrate that the New York State legislature intended the Mitchell Lama Law to give rise to constitutionally protected contractual obligations. *See U.S. Trust Co. v. New Jersey,* 431 U.S. 1, 17 n. 14, 97 S.Ct. 1505, 52 L.Ed.2d 92 (1977) (a state statute is itself a contract when "the language and circumstances evince a legislative intent to create private rights of a contractual nature enforceable against the State"). The Supreme Court generally finds such legislative intent only where the language of the

* Of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

statute itself uses contractual terminology. *See, e.g., U.S. Trust Co.,* 431 U.S. at 18, 97 S.Ct. 1505 (statute containing term "covenant and agree"); *Indiana ex rel. Anderson v. Brand,* 303 U.S. 95, 105, 58 S.Ct. 443, 82 L.Ed. 685 (1938) (statute using term "contract" in its title and repeatedly in its body). The plaintiffs have not pointed to any comparable language in the Mitchell Lama statute. Moreover, the language cited by the plaintiffs in their Land Disposition Agreement and Board of Estimate Resolution does not create contractual rights, but merely provides that the documents do not impair rights that may arise elsewhere.

We also reject the plaintiffs' Takings Clause claim, which is limited to a facial attack on the application of the RSL to Mitchell–Lama properties. The Supreme Court has held that one of the proffered state purposes for applying the RSL to Mitchell–Lama properties—protecting tenants from burdensome rent increases—can justify rent control at least in some circumstances. *See Pennell v. City of San Jose,* 485 U.S. 1, 13, 108 S.Ct. 849, 99 L.Ed.2d 1 (1988). Thus, because the RSL regulates land use rather than effecting a physical occupation, it is unconstitutional only if it "has unfairly singled out the property owner to bear a burden that should be borne by the public as a whole," the determination of which "entails complex factual assessments of the purposes and economic effects of government actions." *Yee v. City of Escondido,* 503 U.S. 519, 523, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992). The plaintiffs have not pled facts that would support such a "complex factual assessment" of the economic effects of the RSL on all Mitchell–Lama property owners. Moreover, the difficulty of such an assessment suggests that a widely applicable rent control regulation such as the RSL is not susceptible to facial constitu-

tional analysis under the Takings Clause. We express no opinion regarding the merits of the Takings Clause challenge to the RSL as applied to the plaintiffs, which is not before us on appeal.

Finally, we reject the plaintiffs' Equal Protection claim. The plaintiffs do not allege that owners of buildings constructed before 1974 constitute a suspect class, and so their claim receives rational-basis review. *See Pennell,* 485 U.S. at 14, 108 S.Ct. 849. The RSL's discrimination between owners of old and new buildings strikes a rational balance between the legitimate state interests of promoting housing construction and preventing hardship on tenants in older buildings.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.